UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SRI KANTHA, M.D., individually and in his capacity as trustee of the Medical Associates of Fort Lee, LLC defined Benefit Pension Plan and as trustee of the Fort Lee Medical Center, Inc. Defined Benefit Pension Plan and on behalf of all those similarly situated, | : : : : | Civil Action No. 05-1626<br><br>Hon. Jose L. Linares, U.S.D.J. |
| Plaintiff(s), | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| PACIFIC LIFE INSURANCE COMPANY, AMERICAN GENERAL LIFE INSURANCE COMPANY and ARTHUR P. SHANKMAN & CO., INC., | : : : | |
| Defendant(s). | : | |

## INTRODUCTION

This matter comes before me on plaintiff's motion to remand this civil action to the Superior Court of New Jersey, Law Division, Essex County. The motion was referred to me by Judge Martini. I have considered the papers submitted in support of and in opposition to the motion. I heard oral argument on June 1, 2005.

## BACKGROUND/ PROCEDURAL HISTORY

This action was commenced on February 15, 2005, with the filing of a Complaint in the Superior Court by Sri Kantha, individually and as trustee of the Medical Associates of Fort Lee, LLC Defined Pension Plan, and as Trustee of the Fort Lee Medical Center, Inc. Defined Benefit Pension Plan and on behalf of all those similarly situated ("Plaintiff"). The Complaint arises out of the promotion, marketing, purchase, sale and use of insurance policies used to fund two

412(i) defined benefit plans.  The Complaint alleges misleading and deceptive practices, breach of contract, fraud, negligence, breach of fiduciary duty, and a statutory claim under the New Jersey Consumer Fraud Act.

On March 24, 2005, a Notice of Removal was filed by defendants Pacific Life Insurance Company, American General Life Insurance Company and Arthur Shankman & Co., Inc. ("Defendants").[1]  On April 22nd, Plaintiff moved to remand.  Defendants argue that the removal is proper based on ERISA preemption.

## DISCUSSION

Civil actions may be removed to district courts if the latter would have original jurisdiction. E.g., Independent Machine Co. v. Int'l Tray Pads & Packaging Inc., 991 F. Supp. 687, 690 (D.N.J. 1998).  Once an action is removed, it must be remanded to State court if the district court determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). When faced with a motion to remand, the burden of proving that jurisdiction exists rests with the party who removed the action.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). "Furthermore, the removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  Lewis v. World Boxing Council, 914 F. Supp. 1121, 1123 (D.N.J. 1996) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed, 484 U.S. 1021 (1988)).  If it appears at any time before final judgment that an action was not properly removed, the district court must remand it to the State

---

[1] Arthur P. Shankman & Co., Inc. ("Shankman"), is an insurance brokerage firm and was an authorized agent of American General Life Insurance Company and Pacific Life Insurance Company. (Complaint at ¶ 4).

court from which it was removed.  28 U.S.C. § 1447(c).

I.      **Federal Question Jurisdiction**

The First Count of the Complaint alleges that Shankman recommended and sold benefit plans known as Section 412(i) Plans, that "American General and Pacific Life knew, or should have known that the policies were abusive in nature and presented substantial risks to potential purchasers" and that plaintiff suffered damages because he "relied upon misleading and deceptive representations and/or omissions of the defendants." (Complaint at 4 and 5).  The Second Count alleges a breach of contract claim for failure of the insurance contracts to fulfill their "intended and fundamental purpose." (Complaint at 5).  The Third Count alleges that defendants' conduct constituted a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1.  The Fourth Count alleges that "plaintiffs are entitled to a rescission on all policies in issue" because defendants engaged in deceptive practices by devising "a scheme which was effectuated by an agent, Shankman, to have potential purchasers of the policy execute documents which made it appear as if the transaction occurred in a State other than New Jersey." (Complaint at 6).  The Fifth Count alleges that Shankman was negligent in his promotion and recommendation of the policies in issue and breach of his professional duties and responsibilities to plaintiff. (Complaint at 6).  The Sixth Count alleges that Shankman breached a fiduciary duty by his "failure to fully disclose substantial risks in connection with the policies, and/or Shankman's orchestration of the execution of false documents in order to sell the policy to a New Jersey resident." (Complaint at 7).

Defendants argue that "the interpretation of federal law will be a central issue in the case

and will be hotly contested." They further argue that "the nature of Kantha's claims may turn on whether the policies were or were not invalidated by [subsequent] IRS rulings ... will require the examining court to conduct a careful inquiry into those IRS rulings, regulations and guidance, as well as 26 U.S.C. § 412 (i) and other federal tax laws." (Defendants' Brief at 3).

Plaintiff argues that defendants have failed to establish federal question subject matter jurisdiction. Plaintiff also argues that "although the defined benefit plan referred to in the Complaint may be an ERISA plan, not a single provision of that statute is either expressly or implicitly included in or relied upon for the basis of any allegation in the Complaint." (Plaintiff's Brief at 7).

Generally, a federal claim must appear "on the face of a well-pleaded complaint in order to confer federal question jurisdiction for removal under section 1441." Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir.1995). Under the well-pleaded complaint rule, federal courts do not have subject matter jurisdiction over cases removed from State court unless an issue of federal law appears on face of plaintiff's properly pleaded State complaint. After reviewing the Complaint, it appears that plaintiff's claims do not arise under federal law and therefore this matter should be remanded.

## II.     ERISA Preemption

The complete preemption doctrine is utilized when the preemptive force of the federal statutory provision is so powerful as to displace entirely any State cause of action addressed by the federal statute. Any such suit is purely a creature of federal law, notwithstanding the fact that State law would provide a cause of action in the absence of the federal provision. Where ERISA

is concerned, the complete preemption exception applies to State law causes of action that fall within ERISA's civil enforcement mechanism, which is described at 29 U.S.C. § 1132. See Metropolitan Life Insurance Co. V. Taylor., 481 U.S. 58, 66-67 (1987).

The civil enforcement provision of ERISA allows plan participants or beneficiaries to bring an action "to recover benefits due to [a participant or beneficiary] under the terms of [such person's] plan, or to clarify ... rights to future benefits under the terms of the plan ...." 29 U.S.C. § 1132(a)(1)(B) (ERISA section 502(a)(1)(B)). Therefore, "[S]tate law claims which fall outside the scope of ERISA section 502(a)(1)(B) are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete preemption principles ...." Dukes, 57 F.3d at 355. Dukes states that Section 514 of ERISA defines the scope of ERISA preemption, providing that ERISA supersede[s] any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in [§ 4(a) of ERISA] and not exempt under [§ 4(b) of ERISA]. The Metropolitan Life complete preemption exception, on the other hand, is concerned with a more limited set of state laws, those which fall within the scope of ERISA's civil enforcement provision, § 502. State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in Metropolitan Life .

The Third Circuit has set out a two-part test to determine whether a state-law claim is completely preempted by federal law. First, the civil enforcement provision of the allegedly preemptive federal statute must "create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate." Allstate Ins. Co. v. 65 Sec. Plan, 879 F.2d 90, 93 (3d Cir. 1989). Second, there must be clear "affirmative evidence of a congressional intent to

5

permit removal despite the plaintiff's exclusive reliance on state law." Allstate, 879 F.2d at 93.

Defendants argue that plaintiff's claims are completely preempted by ERISA. (Defendants' Brief at 14). They argue that whether defendants marketed and sold "abusive policies" and misrepresented the tax consequences of those policies or whether the policies conformed to the requirements of federal tax laws will depend on an interpretation of 26 U.S.C. § 412(i) and federal tax regulations to determine whether the policies were abusive. Defendants argue that the issue of whether or not the policies were "invalidated" by new IRS regulations will require an adjudication of the Internal Revenue Code and of IRS rules and regulations. Defendants also argue that "the Internal Revenue Code, not state property law lies at the center of this dispute." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing., 125 S.Ct. 2363 (2005). However, Grable rested in part on Merrill Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), in which federal jurisdiction was unavailable. Merrill Dow rested on a State tort claim in part on the allegation that the defendant violated a federal statute. In Merrill Dow the court considered the question of "whether the incorporation of a federal standard in a State law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one "arising under the Constitution, laws, or treaties of the United States." Merrill Dow, 478 U.S. at 805. In Grable the court held that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal, which would not distort any division of labor between the state and federal courts, provided or assumed by Congress." Grable, 125 S.Ct. at 2365. Here, I do not find that federal jurisdiction is consistent with congressional intent. Plaintiff's causes of action do not

6

depend substantially upon a question of federal law nor do they arise under federal law.

Defendants maintain that Plaintiff's State law claims fall within the scope of 29 U.S.C. § 1132(a)(1)(B), thus allowing the complete preemption doctrine to permit removal. I do not agree. Plaintiff's State causes of action are for misleading and deceptive practices, breach of contract, fraud, negligence, breach of fiduciary duty, and a statutory claim under the New Jersey Consumer Fraud Act. Plaintiff argues that there is not federal subject matter jurisdiction because he "is not seeking the kinds of benefits normally associated with ERISA enforcement actions, but damages that flow from defendant's wrongful conduct" and that " he is not making a claim for or seeking retirement income nor is any beneficiary seeking death benefits." (Plaintiff's Reply at 4). Furthermore, Plaintiff argues that his claims are not preempted by ERISA because complete preemption under <u>Metropolitan Life</u> is applicable only to State claims that are encompassed by 29 U.S.C. § 1132, and none of plaintiff's claims are enforceable under that provision. Plaintiff argues that "although the defined benefit plan referred to may be an ERISA plan, not a single provision of that statute is either expressly or implicitly included in or relied upon for the basis of any allegation in the Complaint, nor does he invoke ERISA's enforcement provision." (Plaintiffs' Brief at 7). Plaintiff further argues that this litigation depends upon an examination of the conduct of Defendants relating to the development, marketing and sale of the plans at issue "and not upon the validity, construction or effect of a federal statute." (Plaintiffs' Brief at 9). Additionally, it is not clear whether plaintiff, has standing to bring an action under Section 502 against the insurance companies and broker.[2]

---

[2]Section 502 of ERISA provides, in relevant part:

A civil action may be brought–by a participant or a beneficiary– to

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion to remand be **GRANTED**.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from service to file and serve objections.

s/ Ronald J. Hedges
Ronald J Hedges
United States Magistrate Judge

Copy:  Judge Jose L. Linares

---

recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.